### CUNNINGHAM *v.* COUNTY OF RALLS.

*(Circuit Court, E. D. Missouri.* March 27, 1880.)

JURISDICTION — ACTION AGAINST COUNTY — REV. ST. OF MISSOURI, § 5359.—Section 5359 of the Revised Statutes of the state of Missouri, which provides that "all actions whatever against any county shall be commenced in the circuit court of such county," etc., does not deprive the federal courts of jurisdiction in an action against a county of such state brought by the citizen of another state.

Demurrer to plea to the jurisdiction.

*Overall & Judson,* for plaintiff.

*Henry A. Cunningham,* for defendant.

McCrary, J., (orally).    This is a suit on bonds issued by the county of Ralls on the tenth day of February, 1870. Plaintiff is a citizen of the state of Indiana, and brings suit upon the bonds in this court.    There is a plea to the jurisdiction.    No question is made as to the citizenship of the parties, nor is it claimed that there is anything to bar the jurisdiction of this court except a recent statute of the state of Missouri, which is found in section 5359 of the Revised Statutes of Missouri of 1879, providing as follows: "All actions whatsoever, against any county, shall be commenced in the circuit court of such county, and prosecuted to final judgment and execution therein, unless removed by change of venue to some other county, in which case the action or actions so removed shall be prosecuted to final judgment and execution in the circuit court of such other county."

This is an amendment to a previous statute, which read as follows: "All actions, local or transitory, against any county, may be commenced and prosecuted to final judgment in the circuit court of the county against which the action is brought."    1 Wagner St. 408, § 4.

In a case against Lincoln county, brought before this court sometime ago, there was a plea to the jurisdiction, under the original statute above quoted, which was overruled, (7 Cent. Law J. 264,) Judge Dillon expressing the decided opinion that the statute did not take the case out of the jurisdiction of this court.    He further said that if the statute was intended to have this effect it would, under the ruling in the case of *Insurance Co.* v. *Morse*, 20 Wall. 445, be unconstitutional; and he added: "We cannot assent to the conclusion that it is within the power of the state to create political bodies capable of contracting debts with citizens of other states, and yet privileged against being compelled to pay those obligations by suit in the national courts."

It will be seen that no stress was placed upon the fact that the language of that act was permissive, using the word "may" instead of "shall," but the ruling was put upon the ground that the jurisdiction of the federal courts cannot be interfered with by state legislation.    The recent statute, if

construed as regulating proceedings in the state courts, is, of course, entirely valid, and so far as I can see it is altogether proper. But it is perfectly clear, both upon reason and authority, that it cannot be invoked for the purpose of curtailing or abridging the jurisdiction of courts of the United States.

If we concede that the state, by legislation, can deprive the federal courts of jurisdiction in one case by declaring that certain parties shall be permitted to sue or be sued in the federal courts, it would follow, of course, that the state might by their legislation deprive the federal courts of all jurisdiction. For, if the state can, by its own act, provide that one citizen shall not sue or be sued in a federal court, in a case coming within the constitution and laws of the United States, it may, in like manner, exclude all its citizens from the federal courts.

In the case referred to by Judge Dillon, which was the insurance company against Morse, *supra,* the supreme court of the United States said: "The constitution of the United States declares that the judicial power of the United States shall extend to all cases in law and equity arising under the constitution, the laws of the United States, and to the treaties made or which shall be made under their authority; * * * to controversies between a state and citizens of another state, and between citizens of different states.

"The jurisdiction of the federal courts, under this clause of the constitution, depends upon and is regulated by the laws of the United States. State legislation cannot confer jurisdiction upon the federal courts, nor can it limit or restrict the authority given by congress in pursuance of the constitution. This has been held many times." *Railway Co.* v. *Whitton,* 13 Wall 270–286, and other cases.

It is therefore clear, both upon reason and upon authority, that we must sustain the demurrer to the plea to the jurisdiction in this case, and it is so ordered.